Thomas G. CALABRESE,
Plaintiff–Appellant,

v.

Donald C. WINTER,* Secretary of the Navy, Defendant–Appellee.

No. 06–55594.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.**

Filed July 10, 2008.

Thomas G. Calabrese, Oceanside, CA, pro se.

U.S. Attorney, Office of the U.S. Attorney, Joseph P. Ceglio, Esq., United States Department of Justice, Southern District of California, San Diego, CA, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM ***

Thomas G. Calabrese appeals pro se from the district court judgment dismissing on grounds of untimeliness his federal action alleging wrongful termination and disability discrimination by the Secretary of the Navy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

█ We do not consider Calabrese's contention that his claims were subject to equitable tolling, because Calabrese waived that issue by not raising it in his pleadings or in his oppositions to defendant's motions for summary judgment.

---

* Donald C. Winter is substituted for his predecessor, Gordon R. England, as Secretary of the Navy, pursuant to Fed. R. App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**420**

See Ramirez v. Galaza, 334 F.3d 850, 859 n. 6 (9th Cir.2003) ("We have consistently held that a party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

 Further, to the extent Calabrese raised his equitable tolling argument in a motion to reconsider that was filed more than ten days after entry of judgment, the district court lacked jurisdiction to consider it. See Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 & n. 1 (9th Cir.2002) (explaining that a district court has no jurisdiction to rule on a motion to reconsider that is filed more than ten days after entry of judgment if a plaintiff has filed a notice of appeal, and citing Fed. R. Civ.P. 60(b) and Fed. R. App. P. 4(a)(4)(A)). We lack jurisdiction to consider any contentions concerning the district court's order denying Calabrese's motion, because he did not appeal that order. See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir.1990) ("[A]n appeal specifically from the ruling on the [Rule 60(b) ] motion must be taken if the issues raised in that motion are to be considered by the Court of Appeals.").

We deny all pending motions.

**AFFIRMED.**